**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| K.S., a minor, by and through his parents And natural guardians, THOMAS and DONNA SCHENK, | : : : : | No. 19-0304 THE HONORABLE |
| Plaintiffs, | : | ROBERT D. MARIANI |
| v. | : | |
| THE POTTSVILLE AREA SCHOOL DISTRICT, | : : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS VERIFIED AMENDED COMPLAINT ON BEHALF OF DEFENDANT POTTSVILLE AREA SCHOOL DISTRICT**

## I.  PROCEDURAL HISTORY

Plaintiffs, K.S. ("Student") and Thomas and Donna Schenk ("Parents"), commenced this action by filing a Verified Complaint (Doc. 1) on February 22, 2019, and provided the same to Defendant on or about February 25, 2019. Defendant, Pottstown Area School District ("District"), filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In response to the Motion to Dismiss, Plaintiffs filed a Verified Amended Complaint on May 10, 2019. (Doc. 26). Defendant has filed a Motion to Dismiss the Amended Complaint and now files this brief in support of the same.

## II.  STATEMENT OF FACTS

Plaintiffs allege the following pertinent facts in their Amended Complaint. Student is an eleventh grader in the District who is a member of the football team and basketball team. (Am. Compl. ¶¶ 7, 9). On February 5, 2019, the District received an anonymous letter regarding conduct of certain eleventh graders on the football team in the locker room during the fall of 2018 and conducted an investigation. (Id. ¶¶ 10, 12).

On February 11, 2019, three days after the District contacted Parents to set up a meeting time to discuss these allegations, the District met with Student and Parents and advised them that

Student was being charged with violating the District's Harassment Policy based upon allegations that Student danced "in the locker room with or without a towel in close proximity to the alleged victim, a 25 year old male who is permitted to associate with players on the football team." (Id. ¶¶ 14, 19). At this meeting, the Student was told of the allegations, denied the same, and, it appears, was told of witnesses who would describe the alleged conduct, as the Parents specifically demanded copies of the statements from these witnesses. (Id. ¶¶ 17, 18, 21). A second meeting followed on February 14, 2019. (Id. ¶ 23). The District imposed a ten (10) day suspension for this conduct. (Id. ¶¶ 19, 28).

### III. QUESTIONS INVOLVED

**A. SHOULD PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM BE DISMISSED WHEN, BASED UPON THE FACTS ALLEGED IN THE COMPLAINT, THE CLAIM FAILS AS A MATTER OF LAW?**

**SUGGESTED ANSWER: YES.**

**B. SHOULD PLAINTIFFS' FIRST AMENDMENT CLAIM BE DISMISSED WHEN PLAINTIFFS FAIL TO ALLEGE ANY FACTS TO SUGGEST THAT THE DANCING IN QUESTION WAS EXPRESSIVE IN NATURE, BUT RATHER DENY THE STUDENT EVEN DANCED AT ALL?**

**SUGGESTED ANSWER: YES.**

**C. SHOULD PLAINTIFFS' EQUAL PROTECTION CLAIM BE DISMISSED WHEN PLAINTIFFS FAIL TO ALLEGE THAT THE ACTION TAKEN AGAINST STUDENT WAS RELATED TO HIS MEMBERSHIP IN A PROTECTED CLASS AND IN FACT FAIL TO EVEN ALLEGE THAT STUDENT IS A MEMBER OF A PROTECTED CLASS?**

**SUGGESTED ANSWER: YES.**

**D. SHOULD COUNT IV OF PLAINTIFFS' COMPLAINT BE DISMISSED WHEN THE POLICY IN QUESTION IS NOT OVERLY BROAD OR VAGUE?**

**SUGGESTED ANSWER: YES.**

## IV. ARGUMENT

### A. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that are sufficient "to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is insufficient to meet this standard. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). While the factual allegations contained in the complaint must be accepted as true, mere "legal conclusions" couched as facts do not have to be accepted as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n. 3 (3d. Cir. 2004). Whether the complaint states a plausible claim is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Applying this standard to the current matter, for the reasons detailed below, the claims and legal theories asserted in Plaintiffs' Amended Complaint fail to state claim as a matter of law and, accordingly, should be dismissed.

### B. PLAINTIFFS' CLAIM FOR ALLEGED DENIAL OF PROCEDURAL DUE PROCESS FAILS AS A MATTER OF LAW.

While substantive due process is required for a student who is suspended for ten days or less, the due process required is minimal. All that is required is that the student be provided notice, either orally or in writing, of the charges and, if the student denies the allegations, an explanation of the evidence school authorities have and an opportunity to present his side of the story. Shuman v. Penn Manor School District, 422 F.3d 141, 150 (3d Cir. 2005) citing Gross v.

Lopez, 419 U.S. 565, 572-73 (1975); S.G. v. Sayreville Board of Education, 333 F.3d 417, 424 (3d Cir, 2003) cert denied 540 U.S. 1104 (2004).  "Procedural due process in this context requires nothing more." Id.  This does not require that the student be provided written notice or "an opportunity to present or question witnesses." Hemdal v. Schuylkill Valley School District, 2014 WL 12607752, *2 (E.D.Pa. 2014)(A copy of this Decision is attached as Exhibit A). Of note, the fact that a ten day suspension may result in a student losing post-secondary athletic opportunities does not impose a higher requirement for the provision of procedural due process. Palmer by Palmer v. Merluzzi, 868 F.2d 90, 96 (3d Cir. 1989).

In the present case, the Complaint clearly states that the Student was advised of the charges against him, told the evidence against him, which is implied as the Parents demanded to see this evidence, and provided an opportunity to respond.  (See Am. Compl. ¶¶ 13, 14, 17, 21, 24).  That is all that the law requires in order for procedural due process to have been provided. Plaintiffs' main complaints in this case are they were not permitted to present witnesses or questions witnesses, which is insufficient to establish a violation of procedural due process because this was not required in the first place.  Furthermore, Plaintiffs complain that they were not given enough information, but the District provided the information required by law. Accordingly, as a matter of law, Plaintiffs have failed to state a claim in Counts I and  this Count should be dismissed.

    **C.    PLAINTIFFS' CLAIM FOR VIOLATION OF THE FIRST AMENDMENT IN COUNT II OF THEIR COMPLAINT FAILS AS A MATTER OF LAW.**

"Whether First Amendment protection extends  to dancing depends  on  the  nature  of the dancing or, more precisely, on the degree to which the dancing constitutes expression as opposed to non-communicative actions. Thus, recreational dancing does not come within the aegis of the First Amendment." Wreck Bar, Inc. v. Comolli, 857 F. Supp. 182, 186 (D.R.I. 1994)

citing Dallas v. Stanglin, 490 U.S. 19, 25 (1989) Schad v. Borough of Mt. Ephriam, 452 U.S. 61 (1981). In order for action viewed as speech to be protected it must not only express a message, there must also be "a great likelihood that the message will be understood by those viewing it." Jones v. Schneiderman, 974 F. Supp. 2d 322, 333 (S.D.N.Y. 2013). In the present case, Plaintiffs attempt to raise a group of teenage boys running around a locker room in a state of at least partial undress to the level of expressive dance protected by the First Amendment expressing some vague excitement about winning a football game. Moreover, Student denies engaging in dancing at all. Nonetheless, Plaintiffs point to no evidence that would suggest this was an expressive activity or that others would reasonably understand this to be expressing a message, much less the specific message that Plaintiffs claim may have been intended. As a result, Plaintiffs' creative First Amendment claim must fail as a matter of law and Count II of the Complaint should be dismissed.

    **D.   PLAINTIFFS HAVE FAILED TO ESTABLISH AN EQUAL PROTECTION CLAIM UNDER THE FACTS ALLEGED IN THE COMPLAINT.**

In order to establish an equal protection claim under the United States Constitution, Plaintiffs must do more than establish that they were treated differently than other students. Rather, "under the Fourteenth Amendment, plaintiffs must prove that "(1) [student], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." C.T. v. Valley Stream Union Free Sch. Dist., 201 F. Supp. 3d 307, 321 (E.D.N.Y. 2016) citing Brown v. City of Syracuse, 673 F.3d 141, 151–52 (2d Cir.2012) see also S.K. v. N. Allegheny Sch. Dist., 168 F. Supp. 3d 786, 810 (W.D. Pa. 2016); Hemdal, supra 2014 WL 12607752, *3 citing Huebschen v. Dept. of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir. 1983).

In the present case, Plaintiffs' claim fails to state a valid cause of action because the allegations are merely that the Student was treated different than similarly situated students, but not that this selective enforcement was based upon impermissible considerations, such as Student's membership in a protected class. In fact, there is nothing in the Complaint to even suggest that Student is a member of protected class. As a result, Plaintiffs' claim fails, as they are missing a required element to this cause of action and, therefore, Count III of Plaintiff's complaint should be dismissed.

E.  PLAINTIFFS CANNOT ESTABLISH THAT THE POLICY THAT THE STUDENT WAS DISCIPLINED UNDER IS OVERBOARD OR VAGUE.

The Third Circuit Court of Appeals has explained as follows with respect to vagueness claims as to a student code of conduct,

> When addressing school disciplinary rules, courts have been less demanding of specificity than they have when assessing the constitutionality of other regulations, such as criminal statutes. As we have noted, because schools need the authority to control such a wide range of disruptive behavior, "school disciplinary rules need not be as detailed as a criminal code which imposes criminal sanctions." Accordingly, school disciplinary rules will be struck down on this basis only when the vagueness is especially problematic.

Sypniewski v. Warren Hills Reg'l Bd. of Educ., 307 F.3d 243, 266 (3d Cir. 2002) quoting Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675, 686 (1986). In order to not be vague, "[t]he challenged phrases [must be] 'set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest.'" Sypniewski, 307 F.3d at 266 quoting Fraser, supra.

With respect to a claim a policy if overbroad, it has been explained, "[a] harassment policy can be found unconstitutionally overbroad if 'there is a 'likelihood that the statute's very existence will inhibit free expression'' to a substantial extent." Sypniewski, 307 F.3d at 258 quoting Members of the City Council v. Taxpayers for Vincent, 466 U.S. 789, 799 (1984).

"Furthermore, in response to an overbreadth challenge, a policy can be struck down only if no reasonable limiting construction is available that would render the policy constitutional." Sypniewski, at 259. "Because of the duties and responsibilities of the public elementary and secondary schools, the overbreadth doctrine warrants a more hesitant application in this setting than in other contexts." Id.

In the present case, Plaintiffs take what is a fairly standard harassment policy and claim that it fails to be specific enough as to what types of behaviors it prohibits in a manner that quite frankly defies common sense. With respect to the federally secured rights Plaintiffs contend the Unlawful Harassment Policy allegedly inhibits, as noted above, the conduct in question in this case is not protected speech. In terms of vagueness, the Policy sets forth what conduct a student cannot engage in with the sufficiency required to meet Constitutional requirements. Accordingly, Count IV of Plaintiffs' Complaint should be dismissed for failure to state a claim.

## V.   **CONCLUSION**

Accordingly, Plaintiffs have failed to state a valid cause of action and Plaintiffs' Verified Amended Complaint should be dismissed.

                              RESPECTFULLY SUBMITTED,

                              /s/ John E. Freund, III
                              John E. Freund, III, Esquire
                              jef@kingspry.com
                              One West Broad Street, Suite 700
                              Bethlehem  PA  18018
                              610.332.0390
                              *Attorney for Defendant, Pottsville Area School District*